IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANNA BARBATO**, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. 08 C 2099 ) |
| **TARGET CORPORTION**, | ) Judge: Wayne R. Anderson ) |
| | ) Magistrate: Jeffrey Cole |
| Defendant. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendant, **TARGET CORPORATION**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiff's Complaint at Law, state as follows:

1.    That on and prior to September 26, 2007, Target Corporation was a foreign corporation licensed to do business in the State of Illinois and was in the business of owning, operating, managing and staffing retail stores.

**Answer**:    Target Corporation admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.    That on and prior to September 26, 2007, Target Corporation owned, operated, managed and staffed a retail facility which was located at 2939 West Addison, Chicago, Illinois 60618.

**Answer**:    Target Corporation admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    That on September 26, 2007, Anna Barbato was a patron of the Target Corporation facility described in paragraph number 2, above.

**Answer**:    Based upon information and belief, Target Corporation admits the allegations contained in paragraph 3 of Plaintiff's Complaint at Law.

4. That on and prior to September 26, 2007, the Target Corporation facility utilized horizontal shelving units for the purpose of displaying picture frames for sale.

**Answer**: Target Corporation admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. That on and prior to September 26, 2007, the shelving units were supported by metal beams running horizontally underneath the shelves.

**Answer**: Target Corporation admits that certain shelving units at its premises were supported by metal beams.

6. That on September 26, 2007, Anna Barbato picked up a wooden picture frame from a shelving unit.

**Answer**: Target Corporation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint at Law.

7. That as Anna Barbato picked up the wooden picture frame, one of the supporting metal beams fell, causing the shelving unit to tip forward towards Anna Barbato.

**Answer**: Target Corporation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint at Law.

8. That as a result of the horizontal shelving unit tipping forward, a picture frame fell from the shelf, landing on Anna Barbato's foot and causing her to suffer serious injury.

**Answer**:  Target Corporation has insufficient knowledge regarding the truthfulness of the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore, denies said allegations and requires strict proof thereof.

9. That on and prior to September 26, 2007, the defendant, through its agents, servants and employees knew or in the exercise or ordinary care should have known that the condition of the shelving unit posed an unreasonable risk of harm to persons on the premises such as Anna Barbato.

**Answer**:  Target Corporation denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. That on and prior to September 26, 2007, the defendant, through its agents, servants and employees, should have anticipated that persons on the premises would not discover or realize the danger associated with the shelving unit nor would otherwise protect themselves against its hazard.

**Answer**:  Target Corporation denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. That at all times herein relevant it was the duty of the defendant to exercise ordinary care in the ownership, operation and management of the store.

**Answer**:  Target Corporation states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

12. That notwithstanding its duty as aforestated, the defendant was guilty of one or more or all of the following negligent acts or omissions to act:

    a. Carelessly and negligently failed to inspect the horizontal shelving unit;

    b.    Carelessly and negligently failed to inspect the horizontal mental beams supporting the shelving unit;

    c.    Carelessly and negligently failed to properly anchor or secure the horizontal shelving unit;

    d.    Carelessly and negligently failed to properly anchor or secure the horizontal metal beams supporting the shelving unit;

    e.    carelessly and negligently failed to warn patrons regarding the unsteadiness of the shelving unit.

**Answer**: Target Corporation denies the allegations contained in paragraph 12 of Plaintiff's Complaint, including each and every allegation contained in subparagraphs (a) through (e) inclusive

13. That as a direct and proximate result of one or more or all of the aforesaid negligent acts or omissions to act, Anna Barbato suffered severe personal injury, has and will in the future expend sums of money in efforts to obtain medical care and treatment, has and will in the future experience pain, suffering, disability and loss of a normal life as a consequence thereof, and, lastly, has and will in the future lost time from gainful employment.

**Answer**: Target Corporation denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, **TARGET CORPORATION**, denies that Plaintiff is entitled to judgment in the amount sought or any sum whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

**NOW COMES** Defendant, **TARGET CORPORATION,** by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative to and in addition to its Answer to Plaintiff's Complaint, states that

4

the Plaintiff, **ANNA BARBATO**, was careless and negligent in one or more or all of the following respects, which proximately caused the injuries and damages of which she complains:

    A.    Carelessly and negligently moved certain items on a display or a display causing certain items to fall therefrom;

    B.    Carelessly and negligently exercised care for her own safety;

    C.    Was otherwise careless and negligent.

**WHEREFORE**, Defendant, **TARGET CORPORATION**, prays for judgment and costs of suit in the event that Plaintiff is found to be more than fifty (50%) percent at fault for causing her own injuries and damages, or in the alternative, prays for a reduction of any damages awarded to the Plaintiff in proportion to the percentage of Plaintiff's own contributory fault.

                                    Respectfully submitted,

                                    JOHNSON & BELL, LTD.

                                By:    /s/Robert M. Burke
                                          Robert M. Burke, one of the
                                          Attorneys for Target Corporation

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347